UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES A. BUTLER,

        Petitioner,

v.

Warden, DUKE TERRELL,

        Respondent.

Civil No. 07-4807 (RHK/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner=s application for habeas corpus relief under 28 U.S.C. ' 2241. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. ' 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a prisoner at the Federal Medical Center in Rochester, Minnesota, (AFMC-

---

[1] Rule 4 provides that A[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.@ Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. ' 2254, they also may be applied to habeas cases brought under 28 U.S.C. ' 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Rochester"). He is serving a life sentence for "money laundering & drug conspiracy."  (Petition, [Docket No. 1], p. 2, ¶s 3, 4.)

Petitioner's current § 2241 habeas corpus petition presents a single claim for relief, which – repeated verbatim and in its entirety – is as follows:

> The Federal Medical Center, Rochester MN, have encumbered funds from my account and refused to forward described payments to the Clerk of Court. [¶] Petitioner have numerous of ORDERS from 4 court that petitioner SHALL MAKE payments of 20% of each proceding [sic] month's income credited to his account as payment. (28 U.S.C. § 1915(b)(2)). Also I have requested the balance on these accounts and Respondent have refuse to do so. I also applied as indicated thru FOIA, but no response. I have requested that funds that were encumbered to be applied. These funds are being held unlawful and the institution is violation of the Court's ORDER. I am enclosing one of the ORDERS of numerous that institution is in violation of."

(Id., p. 3, ¶ 7.)

As far as the Court can tell, Petitioner is seeking a writ of habeas corpus that would compel the named Respondent, the Warden at FMC-Rochester, to comply with various fee payment orders that have been issued by other courts, in other cases, pursuant to 28 U.S.C. § 1915(b)(2).[2] Such relief, however, is not available in a habeas corpus action.

## II. DISCUSSION

---

[2] Section 1915(b)(2), which is part of the Prison Litigation Reform Act, ("PLRA"), requires prisoner litigants to pay the filing fee for their civil actions through an installment payment process. The statute provides that –

> "[T]he prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

The federal habeas corpus laws provide a remedy only for prisoners who are challenging the fact or duration of their confinement. Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). As our Court of Appeals has clearly and succinctly explained B

> AIf the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. [Citation omitted.]... Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.@

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (emphasis added).

In this case, it is readily apparent that Petitioner is not challenging the validity of his conviction or sentence, nor is he otherwise challenging the duration of his confinement. Therefore, a writ of habeas corpus cannot be granted in this case, and the case must be dismissed for lack of jurisdiction.[3]

---

[3] The Court has considered whether the present habeas corpus petition could be treated as a non-habeas civil complaint, and whether Petitioner=s current claims could then be entertained here. However, even if Petitioner=s claims were presented in a more proper pleading, this action still would have to be dismissed. Petitioner is not seeking relief for any alleged violation of any rights or interests protected by federal law or the Constitution. He alleges only that Respondent has failed to comply with certain orders that allegedly have been issued by other federal courts. If Petitioner believes that Respondent is flouting a court=s order, he will have to seek relief in the court that issued the order. See DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir. 1990) (noting that Acontempt actions provide an adequate remedy for violations of court orders@). Because the Court can find no actionable claim for relief in Petitioner=s current pleading, it cannot be construed to be a civil complaint, and entertained as such. See 28 U.S.C. ' 1915A(b) (directing federal courts to dismiss prisoner complaints that fail to state a cause of action on which relief can be granted).

Having determined that this action should be summarily dismissed, the Court will further recommend that Petitioner=s pending application for leave to proceed in forma pauperis, (Docket No. 2), be denied.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner=s application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: December 14, 2007    s/ Jeanne J. Graham
                            JEANNE J. GRAHAM
                            United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **December 28, 2007**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.